UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BANK OF LOUISIANA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 02-0236** |
| **AETNA US HEALTHCARE, INC. AND AETNA LIFE INSURANCE COMPANY** | **SECTION: "C" (5)** |

## ORDER & REASONS

This matter comes before the Court on a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Aetna U.S. Healthcare, Inc. and Aetna Insurance Company ("Defendants") (Rec. Doc. 149). Plaintiff, Bank of Louisiana ("the Bank"), opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the motion is **DENIED**.

## I. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Thus, this Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support

of his claim which would entitled him to relief. *Bell Atlantic Corp v. Twombly*, 127 S.Ct. 1955 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. *Fernandez-Montes*, 987 F.2d at 284 (5th Cir. 1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 656, 659 (5th Cir. 1996) (citations omitted).

## II. ANALYSIS

Defendants move for the dismissal of the Bank's claims arguing that "Aetna US Healthcare, Inc." and "Aetna Life Insurance Company" are not proper parties to the matter, and thus, the Bank has named the wrong party in its suit. Essentially, Defendants assert that Plaintiff's viable claims attach to the Bank's dealings with "Aetna Insurance Company of Connecticut" (formerly, "Aetna Casualty Company," both non-parties), not "Aetna U.S. Healthcare, Inc." or "Aetna Insurance Company" (the named parties).

This Court held a status conference on September 14, 2007. Plaintiff was directed "to amend the complaint to name the proper Aetna entity within ten days." (Rec. Doc. 148, Minute Entry ¶ 2). On September 19, 2007, the Bank amended its complaint to name "Aetna Insurance Company of Connecticut" as a party (Rec. Doc. 153). Thus, Defendants' argument that the case should be dismissed because "Aetna Insurance Company of Connecticut" is not a named party is moot.

## III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the motion to dismiss filed by defendants, Aetna U.S. Healthcare, Inc., et al is hereby **DISMISSED AS MOOT** (Rec. Doc. 149).

New Orleans, Louisiana this 9th day of October, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE