UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BANK OF LOUISIANA                                           CIVIL ACTION

VERSUS                                                      NO. 02-0236

AETNA US HEALTHCARE, INC.,                                  SECTION: "C" (5)
AETNA LIFE INSURANCE
COMPANY, AND AETNA
INSURANCE COMPANY OF
CONNECTICUT

**ORDER AND REASONS**

  Before the Court is a Motion in Limine to Exclude to Preclude Evidence Regarding Pre-Contract Matters, filed by the plaintiff, Bank of Louisiana ("BOL") (Rec. Doc. 167).  The defendants, Aetna US Healthcare, Inc., Aetna Life Insurance Company, and Aetna Insurance Company of Connecticut ("Aetna"), oppose the motion.  Having considered the record, the memoranda of counsel and the law, the Court has determined that the Motion in Limine should be granted in part, and denied in part.

  In their motion, BOL argues that the contract between itself and Aetna was an integrated agreement, and thus, parol evidence regarding "pre-contract materials" should be excluded from evidence.  In opposition, Aetna asserts that the "pre-contract materials" are necessary to clarify the terms of the agreement.  Indeed, Aetna maintains that the contract's provisions are

1

susceptible to more than one interpretation, and that parol evidence is needed to illustrate the parties' true intentions.  Finally, Aetna argues that the "pre-contract materials" are necessary to rebut BOL's detrimental reliance claim.

The general rule regarding parol evidence is contained in Louisiana Civil Code Art. 1848:

> Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.

LSA-C.C. Art. 1848.

The Court notes that under Louisiana law, looking beyond the contract's four corners is allowed only if there is ambiguity.  *See e.g., Godchaux v. Conveying Techniques, Inc*., 846 F.2d 306, 314 (5th Cir. 1988) (citing *Oceaneering International, Inc. v. Black Towing, Inc*., 479 So.2d 421 (La.App. 1985).  "Ordinarily, when the words of a contract are clear, explicit and lead to no absurd consequences, the meaning and the intent of parties must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence." *Gulf American Industries v. Airco Indus. Gases*, 573 So.2d 481, 486 (La.App. 5 Cir. 1990).  Thus, the parol evidence rule excludes "prior negotiations or agreements when the parties intend to integrate these into one writing." *Id.* at 487.  Furthermore, "parol evidence may not be utilized by a party in order to create an ambiguity." *Tano Automation, Inc. v. United States*, 393 F.Supp. 483, 487 (E.D.La. 1996).  However, "evidence is certainly admissible **to show** the **circumstances** under which the agreement was made and the **purpose** for which the written contract was executed." *Id.* (emphasis in original).  In addition, "parol evidence is admissible to

prove a vice of consent," such as misrepresentation. *Veazey v. Elmwood Plantation Associates, Ltd.*, 625 So.2d 675, 678 (La.App. 5 Cir. 1993) (noting "where misrepresentation is alleged, parol evidence, commensensibly, is admissible to establish whether the allegation is true.").

In this matter, BOL seeks to prove three state law claims: breach of contract, misrepresentation and detrimental reliance. Rec. Doc. 167, p. 1. Clearly, the parol evidence rule applies to contract claims under Louisiana law. *See e.g., Godchaux*, 846 F.2d at 314. However, a blanket exclusion of all "pre-contract materials" is not appropriate in this case. First, BOL has assumed, rather than demonstrated, that there is an integrated agreement. Second, BOL's bare assertion that there is no ambiguity in the text of the agreement is not sufficient at this point to exclude all "pre-contract materials." Third, Aetna is entitled to introduce pre-contract evidence to rebut claims of misrepresentation and detrimental reliance. *Veazey*, 625 So.2d at 678.

Accordingly,

IT IS ORDERED that BOL's Motion in Limine is DENIED IN PART, AND GRANTED IN PART (Rec. Doc. 167). Parol evidence is admissible if the Court finds that there is an ambiguity, or to the extent necessary to rebut allegations of misrepresentation or detrimental reliance.

New Orleans, Louisiana this 14th day of April, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE